Mr. Justice Thacher,
delivered the opinion of the court.
Action of ejectment from Tippah county circuit court.
Wofford claimed title by purchase of the land under execution growing out of a judgment upon a suit instituted by attachment, and Redus claimed by purchase under execution growing out of judgment against the same defendant subsequent to levy of the attachment.
It is insisted that the court below erred in admitting in evidence the record of the judgment commenced by attachment.
Among the objections raised to the judgment in the suit by attachment, and on account of which it is held to be void, is that the affidavit in the attachment was not signed by the plaintiff therein. The statute, H. & H. 548, sec. 11, requires that the creditor shall make complaint on oath or affirmation of the facts necessary to authorize the issuance of the writ. The evidence of this having been done, is the certificate of the justice of the peace or other officer named in the statute, and the signature of the creditor attached to the affidavit would afford no proof of that fact, nor is it required by law as a necessary feature of the affidavit.
The objections that the writ of attachment runs partly for unliquidated damages, and that the declaration filed thereon *592 was in trover, though they might have availed, had they been claimed at a proper period and in a proper manner during the progress of that suit, are cured, however, by the statute of jeofails, H. & H. 591, sec. 11, which, upon a judgment after inquiry of damages, and which occurred in this case, corrects any mistake or misconception of the form of action, and any defect in the declaration, either of form or substance, that might have been taken advantage of by a demurrer.
The names of the individuals composing the jury are not given in the record, but the record shows that the number required by law passed upon the issue. The term “jury” is a legal technical word, and will be construed to mean, when used in a record, twelve men duly qualified, unless the record itself shows the contrary.
It is objected that the mode in which the levy of the attachment was made, does not appear to have pursued the directions pointed out to the sheriff in such cases by the statute. The return on the attachment writ does not set forth the manner of its service, and therefore this court cannot question its legality. It shows a levy on the land by a sworn officer, which must be presumed to have been done correctly. Smith v. Cohea, 3 How. 35; Drake, et al v. Collins, 5 How. 253.
The attachment was a lien upon the land from the time of its levy. The statute, H. & H. 552, sec. 23, provides that upon a judgment in favor of an attaching creditor, the estate attached, and not replevied, shall be sold for the satisfaction of the judgment in the same manner as such property taken in execution upon a writ of fieri facias ; and in cases of judgment by default, execution shall issue only against the goods and chattels, lands and tenements on which the attachment may have been served. H. & H. 555, sec. 30. The effect of a judgment in attachment is not to create a general lien upon the property of the defendant. It effects a condemnation of the property attached for the satisfaction^ the plaintiff's debt, and it relates back to the levy. It has, moreover, been decided by this court in the case of Oldham v. Ledbetter, 1 How. 48, that an attachment being a proceeding in rem, operates, by the levy, an assignment in law, of choses *593 in action and a transfer of chattels and lands to the creditor, and that the sale is not made for the purpose of changing the ownership, but to ascertain the value.
From the foregoing views, we are inclined to deem the judgment of the court below to be correct.
Judgment affirmed.
Mr. Justice Clayton, having been counsel in this case, gave no opinion.